UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR S. CRISCIONE,<br><br>        Petitioner,<br><br>  v.<br><br>KATHY MENDOZA-POWERS,<br><br>        Respondent.<br>_____/ | CV F 05-0189 WMW HC<br><br>MEMORANDUM OPINION AND ORDER RE PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Respondent opposes the petition.

**BACKGROUND**

On July 25, 1979, Petitioner was convicted of second degree murder in Santa Clara County Superior Court. Petitioner does not challenge the propriety of his conviction.

On July 12, 2002, the Governor reversed the decision of the Board of Prison Terms ("the Board") to grant parole to Petitioner. Petitioner challenges the Governor's decision in this present action.

Petitioner filed a petition for writ of habeas corpus with the Santa Clara County Superior

1 Court in which he claimed as follows: (1) the Governor's decision was not supported by some
2 evidence; (2) the Governor had a no parole policy; and (3) California Penal Code section 3041.2 is
3 unconstitutional. On June 27, 2003, the court entered an order reversing the Governor's decision
4 and reinstating the decision of the Board.

5 Respondent appealed to the California Court of Appeal. On April 22, 2004, the Court of
6 Appeal issued an opinion reversing the Superior Court's decision. The Court of Appeal found that
7 the Governor did not have a no-parole policy and that his decision was supported by some evidence.

8 Petitioner filed a petition for review with the California Supreme Court, which the court
9 summarily denied.

10 Petitioner filed the present petition in this court on February 10, 2005.

## LEGAL STANDARDS

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of Taft Correctional Center, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

//

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

When, as here, the California Supreme Court's opinion is summary in nature, however, this Court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

SUBJECT MATTER JURIDICTION

Respondent contends that the court should deny this petition for lack of subject matter jurisdiction, because Petitioner does not have a federal liberty interest in parole. The United States Court of Appeals for the Ninth Circuit has since decided this issue, finding that California's parole statute does create a due process liberty interest in release on parole. Sass v. California Board of Prison Terms, 461 F.3d 1123 (9th Cir. 2006). Accordingly, the court finds no merit to this contention.

E POST FACTO VIOLATION

Petitioner claims that the application of Proposition 89, and Penal Code Section 3041.2[1] to him is a violation of the prohibition against ex post facto application of the law. Respondent contends that Petitioner's ex post facto claim is without merit. Respondent relies on Johnson v. Gomez, 92 F.3d 964 (9th Cir. 1996), in which the court found that the amendment to the California

---

[1] The statute provides:

(a) During the 30 days following the granting, denial, revocation, or suspension by a parole authority of the parole of a person sentenced to an indeterminate prison term based upon a conviction of murder, the Governor, when reviewing the authority's decision pursuant to subdivision (b) of Section 8 of Article V of the Constitution, shall review materials provided by the parole authority.

(b) If the Governor decides to reverse or modify a parole decision of a parole authority pursuant to subdivision (b) of Section 8 of Article V of the Constitution, he or she shall send a written statement to the inmate specifying the reasons for his or her decision.

Constitution giving the Governor the authority to reverse the Board's decision to allow or deny parole to persons sentenced to indeterminate terms of imprisonment upon conviction of murder did not violate the ex post facto law. In that case, at the time of Johnson's conviction California law provided that the Board, acting as both a panel and a review committee, had sole responsibility for deciding whether incarcerated defendants were suitable for parole. Id. at 965. Then, in 1988, California voters approved Proposition 89, which added Section 8(b) to Article V of the California Constitution to provide for review by the Governor. This is the same provision challenged by Petitioner.

Johnson was found suitable for parole by a Board panel on August 19, 1991. The Board Decision Review Committee affirmed the decision, but under the new law, Johnson was not eligible for immediate release. Under Section 8(b), his release was conditioned upon the expiration of the thirty-day gubernatorial review period. The Governor of California exercised his review power on October 18, 1991, and reversed the Board's decision.

Johnson filed a petition for writ of habeas corpus and the district court denied the writ, finding no ex post facto violation. Johnson v. Gomez, 876 F.Supp. 226 (E.D. Cal. 1995). On appeal, the Ninth Circuit reviewed Supreme Court precedent, ending with California Department of Corrections v. Morales, 514 U.S. 499, 115 S.Ct. 1597 (1995). In Morales, the issue was a change in the law to provide one class of petitioners with fewer parole hearings. The petitioner in Morales had never been granted parole under the old law. The Court rejected the petitioner's ex post facto claim on the ground that he could not prove that the change in parole procedures created more than a speculative risk of increasing his punishment. Id. at 115 S.Ct. at 1603.

After reviewing the Morales decision, the Ninth Circuit in Johnson found that, "[i]n this case, Johnson is similarly unable to demonstrate that an increase in his punishment actually occurred, because, like the petitioner in Morales, he had not been granted parole under the old law. Johnson, 92 F.3d at 967. "Here, because the BPT's parole decision is not final until after the expiration of the thirty-day gubernatorial review period, it cannot be said with certainty that the BPT would have granted Johnson parole had it possessed the final review authority." Id. The Ninth Circuit thus

concluded that, "the application of Proposition 89 to authorize the governor's review of Johnson's grant of parole did not violate the Ex Post Facto Clause." Id.

The court finds, therefore, that under the controlling Ninth Circuit authority in Johnson, Petitioner's ex post facto claim is without merit.  The court must conclude that this claim presents no basis for habeas corpus relief.

DUE PROCESS

Petitioner contends that he has "exceeded far beyond the matrix for second degree murder." He claims that he has spent almost twice as long in prison as called for under the "statutory proportionary criteria."  Petitioner also contends that he has met all factors showing suitability for parole set forth in the California Code of Regulations.  Further, Petitioner contends that he has had excellent psychological evaluations for the past nine years  Habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).   To the extent that these contentions state a federal claim, the court interprets them as due process claims.

The standard to be applied in analyzing a due process claim related to the deprivation of parole is the "some evidence" standard.  Sass v. California Board of Prison Terms, 461 F.3d at 1129, citing Jancsek v. Or. Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987).  The Ninth Circuit has explained, "[t]o determine whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56, 105 S.Ct. 2768.

In the present case, the Court of Appeal denied Petitioner's petition, finding that the Governor's decision was supported by some evidence.  Noting first that the Governor had concluded that Petitioner was unsuitable for parole because he still poses an unreasonable risk of danger if released at this time, the Court of Appeal found that some evidence existed to support that

conclusion. The Court of Appeal found:

> In light of the coroner's conclusion that Quintanar had died of both strangulation and drowning, the fact that Criscione first strangled Quintanar until she was rendered unconscious and then, without knowing whether she was already dead, he pushed her limp body into a partially filled bathtub, provides *some* evidence that Criscione acted with cold, calculated dispassion and that he gratuitously prolonged Quintanar's pain and suffering, i.e., that the offense was committed in a manner that showed "exceptionally callous disregard for human suffering." (Regs., § 2402, subd.(d)(1)(D).) Accordingly, the Governor's parole decision that Criscione was unsuitable for parole was supported by *some* evidence related to the specified factors governing parole.

The Court of Appeal also found some evidence supporting the Governor's conclusions that 1) Petitioner had a history of domestic violence and tumultuous relationships with women, that culminated in his offense; 2) Petitioner had a history of mental illness that culminated in his offense; 3) Petitioner's gains regarding his potential for violence against women were recent; and 4) Petitioner's remorse and acceptance of full responsibility for his crime were inadequate. The Court of Appeal supported each of these findings with extensive citation to the record and analysis.

Petitioner has not and indeed can not, dispute the existence of this evidence as found by the Court of Appeal. This court finds that this evidence constitutes some evidence to support the Court of Appeal's decision to reinstate the decision of the Governor. Consequently, the Court of Appeal's decision was neither contrary to, nor did it involve an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Petitioner's due process claim therefore provides no basis for habeas corpus relief.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The petition for writ of habeas corpus is DENIED;

2) A certificate of appealability is DENIED;

3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:     March 17, 2008              /s/  William M. Wunderlich
                                       UNITED STATES MAGISTRATE JUDGE